11th Court of Appeals
Eastland, Texas
Opinion
 
Becky Rose Grodeski
            Appellant
Vs.                  No. 11-03-00304-CR – Appeal from Polk County
State of Texas
            Appellee
 
            The jury convicted Becky Rose Grodeski of possession of cocaine, and the trial court as-
sessed her punishment at confinement for two years in a state jail facility. However, the imposition
of the sentence was suspended, and the trial court placed appellant on community supervision for
five years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that, after a thorough
and diligent review of the record and the applicable law, he has concluded that the appeal is wholly
without merit. Appellate counsel reviews the evidence presented, the State’s burden to affirmatively
link appellant to the three rocks of crack cocaine found wedged between the front passenger seat and
the console of the car, the effectiveness of trial counsel, and the punishment assessed. Appellate
counsel concludes that the evidence is both legally and factually sufficient, that the State
affirmatively linked appellant to the crack cocaine, that her trial counsel provided effective
assistance, and that no reversible error occurred in the assessment of punishment.
            Counsel has furnished appellant with a copy of the brief and has advised appellant of her
right to review the record and to file a pro se brief. A pro se brief has not been filed. Counsel has
complied with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).
            Following the procedures outlined in Anders, we have independently reviewed the record. 
Sergeant Howard Smith testified that he worked for the Polk County Sheriff’s Department and that
he stopped the vehicle in which appellant was riding in the front passenger seat. It was just before
1:00 a.m. The driver of the vehicle gave a false name and was eventually identified as Ivory Joe
Henderson. There were three people in the back seat, including appellant’s 14- or 15-year-old
daughter. Sergeant Smith found a prescription pill bottle. The last name “Grodeski” was legible on
the label. Appellant was the only person in the car with the last name of Grodeski. The bottle was
“wedged in-between the console” and the front passenger seat and appeared to contain crack cocaine.
On the floorboard between appellant’s feet, Sergeant Smith also found a bag containing more
prescription pill bottles with appellant’s name on them and two crack pipes.
            Sergeant Smith stated that appellant became “very loud, combative, hyperactive, so forth”
when he found the bottle wedged between the passenger seat and the console but that the driver did
not. Appellant told Sergeant Smith that the bag with the prescription pills and the crack pipes was
hers but that the crack belonged to the driver. The contents of the bottle were identified to be .40
grams of crack cocaine.
            Ervin Demond Harrell testified that he was riding in the back seat of the car with appellant’s
daughter and another man. Appellant told the driver that she had some prescription pills that she
wanted to trade for crack cocaine. Both appellant and the driver were interested in trading for crack. 
Appellant pulled a bottle of prescription pills from a bag that was on the floorboard between her feet
and told the driver to get “as much as you can for the pills.”
            Harrell also testified that, as they were being stopped, the driver had said that everything
would be alright as long as there were no drugs in the car. The driver told them to give him any
drugs that they had so that he could throw the drugs out the window before he stopped. No one
handed the driver anything.
            Harrell stated that, when Sergeant Smith stopped them, appellant started to act “real
paranoid” and “scared” and began to fidget around like she was searching for something. When
Sergeant Smith asked if he could search the car, the driver replied: “Sure, go ahead.” Appellant
“burst out crying and hollering” when Sergeant Smith found the bottle of crack.
            Appellant did not present any evidence at the trial. 
            The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses’
testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981). The State
sufficiently linked appellant to the crack cocaine found in the bottle with her name on it. Brown v.
State, 911 S.W.2d 744 (Tex.Cr.App.1995). When all of the evidence is reviewed in the light most
favorable to the verdict, a rational trier of fact could have found the essential elements of the
possession of cocaine beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). Therefore, the evidence is legally sufficient. After
viewing all of the evidence in a neutral light, we do not find that the evidence supporting the verdict
is so weak that the verdict is clearly wrong and manifestly unjust or that the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. 
Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross v. State, 133
S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v.
State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).
Therefore, the evidence is factually sufficient.
            The record reflects that trial counsel provided reasonably effective assistance. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Stafford
v. State, supra at 508-09. We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
 
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.